**LABATON KELLER SUCHAROW LLP**
Jonathan Waisnor (CA 345801)
jwaisnor@labaton.com
Alexander Schlow (Pro Hac Vice Application Forthcoming)
aschlow@labaton.com
Morris Dweck (Pro Hac Vice Application Forthcoming)
mdweck@labaton.com
140 Broadway, Floor 34
New York, NY 10005
Telephone: 212-907-0700
Facsimile: 212-818-0477

**UMBERG ZIPSER LLP**
Carole E. Reagan (Bar No. 162674)
creagan@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: 949-679-0052
Facsimile: 949-679-0461

Counsel for Petitioners

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NICOLE AARON, DAWN ADAMS, STEVEN ADELL, ESTHER ADES, JARANDALEE ADORNO, JOSE AGUADO, ALICIA AIELLO, DANIEL AKINS, PETER ALAU, SCOTT ALBERT, RUSSELL ALEXANDER, DANNY ALFORD, DONNA ALLEN, RICK ALLEN, SUZANNE ALT, LOURDES ALVAREZ, SANJIL AMIN, ARTURO ANAYA, JEAN ANDERSON, KRISTIN ANDERSON, MARLIN ANDERSON, DANIEL ANDRADE, SARAH ANEYCI, TASHA ANGELET, ANDREW ARAMOUNI, JUAN ARIAS, JOSEPHINE ARKUSH, THOMAS ARMSTRONG, SUSAN ARNESON, SELINA ARNOLD, CHARLES ARP, MARK | CASE NO.: _____ **VERIFIED PETITION TO COMPEL ARBITRATION** |

1  ARSENAULT, CANDACE ARTERBERRY,
2  ALISHA ASH, CRAIG ASHER, LAUREN
   ASHLEY, YVETTE ASSAF, DAVID
3  ATWOOD, KEISHA AVANT, BETH
4  BABCOCK, KAREN BACHMAN, EDITH KIM
   BAGDASARIAN, BOBBIE BAHR, DAVID
5  BAKER, JESSIE BAKER, SHAMARA
6  BALDWIN, JAMES BALES, JESSICA
   BANAS, TAMUEL BANKS, TYRONE
7  BANKS, ARTHUR BARBER, TIAH BARDON,
8  KRIS BARKER, MARY BARNETT POWELL,
   RACHAEL BARNETT, GARY BARRETT,
9  AMBERLY BARTLETT, PHILIP BASS,
10 HENRY BASSEN, SHARON BEAMISH,
   KRISTIN BECK, BARBARA BECK-AZAR,
11 TIMOTHY BECKENHOLDT, ALAN
12 BECKMAN, MICHAEL BELL, THEODORE
   BELL, PATRICIA BENIGNI, KIM
13 BENJAMIN, VALERIE BENNETT, LORA
14 BENSON, EDWARD BERENHAUS, DENNIS
   BERGSTRAND, ROSEMARY BERNHARD,
15 MELISSA BERTOLINO, STEVEN BESTE,
16 MARYELLEN BICER, AARON BIDERMAN,
   KAREN BIGGS, KATE BISHOP,
17 CHANTELLE BITTINGS, KATE BLACK,
18 SHELLEY BLACKLER, SAM BLANK,
   STEVEN BLANYAR, BRIAN BLAZEVICH,
19 RENEE BLITEK, STEVEN BLOOME,
20 MCCRACKEN BOBBI, MARYN BOESS,
   TEKISHA BOLER, DEB BOLUS, TANYA
21 BONANO, LENNA BONILLA, BRUCE
22 BONNER, CHRISTINE BOROVOY,
   SUZANNE BORZAK, MADRONA
23 BOURDEAU, TIFFANEY BOXLEY,
24 MICHAEL BOYERS, JANIE BRACKNEY,
   JASMINE BRADFORD, EZRINA BRADLEY,
25 SHASHAUNNA BRADLEY, PAMELA
26 BRAGG, FRAN BRANDVOLD, BRIAN
   BRENNER, ASHLEY BRIDGES NEGRON,
27 KYA BRIGGS, RICHARD BRINE, ERIKA
28 BRINKMANN, ANDREA BROADWATER,

BARBARA BROOKS, HEATH BROUGHTON
AWW BROUGHTON, MARIE BROWN,
SARAH BROWN, SHARON BROWN,
STEPHAN BROWN, TIMOTHY BROWN,
ELIZABETH BROWNRIDGE, MADELINE
BRUNI, REDDICK BRYAN, NICOLE
BRYANT, LEE BUCCOLA, PERRY
BUCHALTER, AMASHAWN BUCHANAN,
PATRICIA BUCK MIANO, MORGAN
BULLOCK, ETHAN BURDIN, GLORIA
BURGESS, TERRYHI BURKE, LORIE
BURNETTE, ANN BURNS, NIKIA BURTON,
SAM BURTON, LATEAKA BUSBY,
JEFFREY BUTLER, RICHARD BUTLER,
BRIAN BYLLS, ANN CALDERONE, PEGGY
CALE, CONSTANCE CALLAWAY,
ORLANDO CAMACHO, JANET CAMPBELL,
SHIRLEY CAMPBELL, ROBERT CANNON,
LI CANORRO, DAVIDE CANTONI, DEBI
CAPLES, JEANETTE CAPRIA-LAZZARO,
MARC CARBONE, MICHAEL CAREY,
SANDRA CARR, CYNTHIA CARRAMUSA,
RACHEL CARROTHERS, CHARLENE
CARSELLO, PAMELA CARTHEW, LARA
CASH, VONETTA CASON, COTA
CASSANDRA, SARA CASTILLO, SILVIA
CATTEN, MARY ELLEN CATUBIG, JUSTIN
CAUDELL, MARY CHALABI, ANNETTE
CHALLENOR, MARY CHAMBERLIN,
BARBARA CHAMBERS, LAURA
CHAMBLEE, ADAM CHAPPELL, VADIM
CHEBOTAREV, ROBERT CHENOFF,
BERNADETTE CHIARAMONTE, JENNIFER
CHIARAMONTE, JERRY CHIN, JOHN CHO,
KYUNG CHOI, MICHAEL CHOROS, ROSA
CHOWNING, THOMAS CHRISTENSEN,
KAREN CHRISTIANS, DENNIS CHRISTIE,
SANDRA CHURCH, ALAN CICENAS, JULIA
CILIBERTI, MICHAEL CITARELLA,
DARRYL CLARK, PHILIP CLARK,
MICHAEL CLEMENTE, GARY CLOUTIER,

HOWARD COHEN, STEVEN COHEN,
BRITTANY COLEMAN, CAROLYN
COLEMAN, HEATHER COLEMAN, VICKI
COLES, CORY COLLINS, JAMES COLLINS,
MICHELLE COLLINS, PAMELA COLLINS,
CORI CONDON, NAKESHA CONRAD,
JENNIFER COOPER, LATONIA COOPER,
RENEE COOPER, CONNIE COPE, MICHAEL
CORBO, MARNELLA CORDATO, CESAR
CORNEJO, KRISSY COSTA, PHILIP COSTA,
BRIAN COSTELLO, NICOLE COTICCHIO,
DRAONE COUNCIL, MICHELLE COWLEY,
CORY CRABTREE, MARIA CRAWFORD,
LYNNETTE CRENSHAW, NOVERTO
CRESPO, FRANCIS CRISTOBAL, ALICE
CROCK, LORI CROCKSON, THOMAS
CROLY, ROSCOE CROMWELL, RICHARD
CROOKS, CHANTELLE CROSBY, MICHAEL
CROSBY, SHEENA CROSTON, GINA CRUZ,
TONIA CRUZ, WILLIAM CULBERTSON,
JAMES CUMMINGS, AUCQUNETTE
CUNNINGHAM, BILLY CUNNINGHAM,
JOSEPH CURCIO, SHERRY CUSHING,
DAVID CZOPEK, KYSHA DABNEY,
THOMAS DAHLMANN, MARY D'AMICO,
CYNTHIA DAMLER, ELIZABETH
DANGELO, MICHAEL DANGELO, GALE
DANIELS, LINDA DARVID, LINDA
DAVENPORT, CLINT DAVIDSON, TINA
DAVIDSON, JENNIFER DAVIS, JOHN
DAVIS, MONIQUE DAVIS, SUNDAY
DAWNE-MARIE XIQUES, HONORA DAY,
SANDY DEANGIO, RACHEL DECARLO,
LAURA DECASTRO, LAMONT DECKER,
TIM DEDINSKY, CHRIS DEFONZO, ELAINE
DEGIGLIO, JASMINE DEL BORRELLO,
IVAN DELLERA, JEAN DEMERS, WILLIAM
DEMMON, PETER DENIET, JORIE DERMER,
DAVID DESIMONE, JOHN
DEWHURSTWALKER, ANGELO DIAZ,
DAVID DIAZ, JESSICA DIAZ, PAUL

1  DICKASH, TRISSAN DICOMES, DENNIS
2  DILLON, LAWRENCE DIMARCO,
   HEATHER DINO, BARBARA DINWIDDIE,
3  SHERYL DISCHER, COURTNEY DITOMO,
4  APRIL DIXON, JESSICA DIXON, DAVID
   DOLFE, ANA DOMINGUEZ, FRANK
5  DOMINGUEZ, LEWIS DONLEY, KYRA
6  DORMAN, JOCELYN DORSEY, DORIS
   DORVAL, CHARLENE DOTSON, STEFANIE
7  DOTY, LEEANN DOUGHERTY,
8  MADELEINE DOUTHIT, CHRISTOPHER
   DOWLING, JULIA DOYLE, ROBERT
9  DOYLE, MICHAELA DRAGON, HOLLY
10 DRAPER, JASON DRAPER, GABRIEL
   DRUEKE, ALISHA DUENAS, JOSEPH
11 DUGGAN, ARLENE DUNCAN, DIANNE
12 DUNCAN, DANIELLE DUNN, JENNIFER
   EAGAR, KATE EALEY, JEFF EATON,
13 LORETTA ECHOLS, LATAVIA EDWARDS,
14 BETTY EFSTATHOPOULOS, ANDREA
   EGGLESTON MAYO, JESSICA EGLOFF,
15 KEN EICHHOLZ, STACEY ELLIOTT-
16 WESTFALL, AISHA ELLIS, NEKIA
   ELLISON, LINDA EMSHOUSEN, EMILIA
17 ENFIELD, MATTHEW ENGLEBERT, CARL F
18 ENNIS, CLINT ESCANDELL, AMANDA
   EVANS, WILLIAM EVAUL, PRISCILLA
19 FAGAN, REBECCA FAIRCHILD, THERESA
20 FARAGE, ELIZABETH FARRELLY, BRET
   FARRITOR, ALDO FEDRIGHINI, SHARON
21 FEELEYWOODMAN, MICHAEL FEINMAN,
22 MAYA FERNANDEZ, ROSALINE
   FERNANDEZ, ROBERT FERRARA,
23 CATHERINE FINA, CHAD FISHER, JAMI
24 FLEMING MIDD, ANGIE FLETCHER,
   AMANDA FLORES, JOSIE FLORES, KEITH
25 FOLEY, NANCY FONSECA, LEAH FORD,
26 RIKKI FORD, MARK FORSETH, STEPHEN
   FOSTER, TERI FOSTER, FRANK FOULIS,
27 JIM FOX, REGINALD FOX, MARK
28 FRANKENFIELD FRANKENFIELD, ASHLEY

1  FRAZIER, BRANDIS FREEMAN,
2  CHARNELL FREEMAN, JEANNINE
   FREUDENBERG, ASHLEY FRIEND,
3  CORNELIA FULMORE, JAMES FUNICELLI,
4  PAUL GABTIELE, RENEE GALE, BECKY
   GALIPEAU, STACEY GALITOS, SHANNON
5  GALLOWAY, FRANK GANDOLFO, ROBERT
6  GAONA, CAROLINE GARCIA, CHRISTINA
   GARFAGNA, MONIQUE GARNEAU,
7  ELIZABETH GARRO, WILLIAM GARVIN,
8  ROBERT GASPARRO, MARK GASPERINI,
   BARBARA GATENS, JAMES GAYNOR,
9  BILL GENZOLI, MACROY GERALDINE,
10 ANGELA GERMANY, TRACEY GESELL,
   ANGELO GIBSON, CONSTANCE GIBSON,
11 MARYANN GIBSON GIBSON, JASON
12 GILBRAITH, ERIC GILLESPIE, GERRY
   GILMOR, GIGI GIORGIO, ANTHONY
13 GLEBOCKI, HALEY GLOSS, DOREEN
14 GODARE, DEAN GOFF, SHERRELL
   GOMILLIA, GUY GONDRON, NARCISSE
15 GONZALES, GUS GONZALEZ, JOEL
16 GONZALEZ, KERMIT GOODMAN, NICOLE
   GORDON, JAMES GORMLEY, SARAH
17 GRANT, ALYSHA GRAY, PATRICIA
18 GRAYSON-CANTY, AME GRECO, STEVE
   GREENBERG, JUDY GREER, LISA GREGG,
19 TASHEICA GRINDLY, KATHY GRISZ,
20 THOMAS GROSSMANN, JOSHUA GROVE,
   SHEENA GROVER, MILLS GRUBER, SARA
21 GRULICH, BARBARA GUIDO, KEITH
22 GURNICK, HENRY GUTOWSKI, KIMBERLY
   HABERMAN, SHERYL HADEKA,
23 RHIANNON HAEFFNER, BARBARA
24 HAFKEY, KENNETH HAGAN, SHERRY
   HAGERMAN, MARINA HAGSTROM, KATIE
25 HAHL, ZACHARY HALL, PAUL HALLEY,
26 ADAM HALLOWELL, ELIZABETH
   HAMANN, LUTANDO HAMILTON, TARA
27 HAMILTON, JO ANNE HANDS, LISA
28 HANGES, KEVIN HANNEMAN, MERIDETH

HANSEN, STEFANIE HANSEN, TAYLOR
HARDER, DARRYL HARRIS, JANET
HARRIS, JASON HARRIS, RUTH HARRIS,
JESSE HARRISON, EMIKO HARTLEY,
SHERRI HARTLEY, AMANDA HARVEY,
RENITA HARVEY, STEVEN HASHIMOTO,
HAROLD HAUSER, AMBER HAUSFELD,
DANIEL HAYES, PAMELA HAYES, CAROL
HEARN, HEATHER HEENAN, MONICA
HEINZMAN, JAN HELLMANN, DEREK
HEMPHILL, JON HENDERSON, LAUREL
HENDERSON, PORSHA HENDERSON,
SHANE HENDRIX, MARK HENNECKEN,
TYRAN HENNING, DOMINIC HENRY,
DOUGLAS HENRY, THOMAS HENSON,
RYAN HERNLEY, GEORGIA HERREN,
KATHERINE HERZOG, AMY HEYL, MARK
HICINBOTHEM, AL HICKS, JODY HIDEG,
NATHAN HIGGINS, TOKI HILL, TERENCE
HINES, DEVINA HINOJOSA, MAYNARD
HIRSCH, EMMANUEL HOACHLANDER,
SANDRA HODGE, CORY HODGES,
LORETTA HOFFMANN, ANNE HOGAN,
DAVID HOLBROOK, DAN HOLLAND,
DEBRA HOLM, EVELYN HOLMES, STEVE
HOPPEL, VERONICA HORNE, CRYSTAL
HOTT, STEVEN HOUANG, MIRANDA
HOWARD, REBECCA HOWITT, RONNI
HUA, KAREN HUDSON, CARLA HUGHES,
CHRISTINA HUGHES, DAVID HUGHES,
ASHLEE HUMES, JOHN HUNEYCUTT,
JAMES HUNT, SHELLY HUNTINGTON,
SARAH HURLEY, RICHARD HUROCY,
LINDA INGLIS, PAMELA INGRAM, TRAVIS
INSKEEP, TERRY IWANIW, LONNIE
JABOUR, CHARLOTTE JACKSON, DAWN
JACKSON, JERMANE JACKSON, LATRICIA
JACKSON, LISA CAMILLE JACKSON, ORA
JACKSON, SHEELA JACKSON, SONYA
JACKSON, TIFARAH JACKSON, KAREN
JACOBSEN, EDWARD JACOBUS, CANTORE

1  JAMES, STOLER JAN, CLINTON JANES,
2  DENNIS JANS, JENNIFER JENKINS, TRISSA
   JENKINS, MICHAEL JENSEN, KATHY
3  JIMENEZ, KAREN JOHN, AMY JOHNSON,
4  DATECHA JOHNSON, DAVID JOHNSON,
   DESHON JOHNSON, EURTHIA JOHNSON,
5  JESSICA JOHNSON, JOHN JOHNSON,
6  KENISHA JOHNSON, LETISHA JOHNSON,
   TED JOHNSON, TRACEY JOHNSON, STONE
7  JONATHAN, ALMIRA JONES, CAVIN
8  JONES, DAMEKA JONES, DARRON JONES,
   DAWN JONES, DEMETRIUS JONES, DIANE
9  JONES, JOE JONES, KATRINA JONES,
10 TRACI JONES, SCOTT JORDAN, DAVID
   JORDANO, STANLEY JUDSON, CECILE
11 KAHR, PHILIP KALINOWSKY, KATHY
12 KAMAUU, MARY LOUISE KAMINSKI,
   SCOTT KANE, AARON KAPNER, RANDY
13 KAREY, STEVE KASPER, CAGLE
14 KATHLEEN, BRIAN KAWA, MARK KEANE,
   GREGORY KEHL, PAMELA KELLAMS,
15 MARY KELLER, PRECILLA KELLEY, LORI
16 KELLY, SHARON KENDRICK, LEO KENEN,
   MATTHEW KENLY, JENNIFER KENNEDY,
17 KELLIE KENNEDY, EDWARD KEP, MAX
18 KETCHAM, MICHAEL KILLIUS, JAMES
   KIMBER, JIM KIME, JUDY KINAL, CHRIS
19 KING, QUINTIN KITTLE, LIZ KLARNER,
20 ASHLEY KLEIN, KATE KLEIN, VICTOR
   KLEIN, SCOTT KLICK, MARIAN KLOTER,
21 CAROL KNIGHT-WALLACE, STEVEN
22 KNUTSON, KRISTEN KOERBER, CAROL
   KOHEN, THADDEUS KOLKE, TIMOTHY
23 KOLZOW, JUDITH KOSINSKI, ANITA
24 KOSTBADE, KATHLEEN KOZLINSKI,
   MICHELLE KRASLEY, RITA KREBS, DON
25 KRIST, LEON KROFT, KIMBERLY KRUG,
26 JOEL KRUGLER, KEN KUCHAR, KAREN
   KUCHEL, STEVEN KULHANEK, DEBBIE
27 KUROWSKI, KATHLEEN L OBERG,
28 GEORGE LABATO, KAREN LACORTE,

1  DARLENE LAMPSON, GREGORY LANGL,
2  TONYA LARAMORE, ROBERT LASICH,
   JONN LATORES, BEVERLY LAUDE,
3  BERNADETTE LAUFF, MACKENZI
4  LAWSON, HEATHER LAYTON, MICHAEL
   LAZAROFF, CARLA LEATHERS,
5  FRANCZYK LEE, ALAN LEFTON, GARY
6  LEIGHTON, SCOTT LENNETT, MARK
   LENNON, THOMAS LEONARD,
7  CHARMAINE LESANE, PAMELA LESSNER,
8  ELIZABETH LESTER, MARCIA LETIZIA,
   LINDA LEVITSKY, JONATHAN LEWIN,
9  CHERRILE LEWIS, RALPH LEWIS, AISHA
10 LEWIS-JARRETT, BAXTER LINDA, EMILY
   LINDSAY, GREGORY LITTLE, RAYMOND
11 LIZZIO, JENNIFER LOCK, WHITNEY
12 LOCKHART, ANTHONY LOMBARDO,
   PRESTIN LONG, STEVEN LONG, GARY
13 LOOMIS, DOMINIC LOSQUADRO, JANET
14 LOVE, KEN LOVE, STEVEN LOVE, BRYNN
   LOVELL, MICHAEL LOWE, MO LOWERY,
15 MICHAEL LUCKEY, JOYANNA LUGO,
16 KRISTINE LUIS, LOUIS LUTCHER, DON
   LUTZ, JEANETTE LYNCH, HIEN LYONS,
17 STEPHEN LYONS, JEAN MACALUSO,
18 DANA MACDONALD, CHRISTINE MACE,
   PAM MACE, TORRIE MACK, VERNELLE
19 MACK, KEITH MACKEY, SHERRI
20 MACKEY, RILEY MACKOWIAK, JOHN
   MACMILLAN, JONATHAN MAER, ROBERT
21 MAGIO, MICHAEL MAHAR, THOMAS
22 MAIER, ALBERT MAIMON, JOSEPH
   MALATIA, ASHLEY MALINOWSKI,
23 JOSEPH MANLEY, ANN MANN, JONATHAN
24 MANNING, SUSAN MANNS, KIMBERLEY
   MARASCO, THERESA MARCHIONE, TILLIS
25 MARIE, MARC MARINI, KATHY MARLEY,
26 ARIANA MARQUEZ, SANDY MARSH,
   KARINA MARTINEZ, ROGELIO MARTINEZ,
27 CINDY MASON, JULIE MASON, JILL
28 MASSIE, BRENDA MATISH, BARBARA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MATTHES, NEIL MATTHEWS, THOMAS
MATTSON, SUSAN MAVIS, FELISHA MAY,
SUSAN MAYER, DAYNA MAZUREK, CHRIS
MCAFEE, COLLEEN MCCARTHY,
HOWARD MCCLAIN, VIRGINIA MCCLURE,
MELISSA MCCOMBS, JOHN MCCORMACK,
BERNADETTE MCCOWAN, GENE MCCOY,
KEVIN MCCRORY, NANCY MCDONALD,
SHARON MCDOWELL, ANNETTE
MCFARLANE, GARY MCGIBBON,
BARBARA MCGRATH, DANIEL
MCINTYRE, CHRISTINA MCKALE,
PATRICK MCKEE, KIMI MCKEEVER,
MARY MCKENNA, WILLIAM MCKEON,
KEVIN MCKERNAN, RANDI MCMANUS,
JON MCNULTY, THEODORE MECZYWOR,
ABBEY MEEKS, RUANDA MEJIA, GARY
MELO, CONSTANCE MELTON, JAMES
MENDELSOHN, NICHOLAS MENNECKE,
CANDACE MERCER, LILLIAN MERCER,
DAVID MESSENGER, JESSICA METCHICK,
ROBERT MEVEC, ADAM MEYER,
MARYMAE MEYER, JACQUELINE
MIDDLETON, JOSEPH MIELE, BRIAN
MIGIOIA, STEPHEN MILCARSMY III,
FELICIA MILES, JUDY MILLER, LADIASHA
MILLER, MICHELLE MILLER, BRIDGET
MINTON, DOMINIQUE MIRZA, ANNE
MITCHELL, BRETT MITCHELL, ROBERT
MOBERG, JOSE M MONSALVE DIAZ,
CANDACE MONTGOMERY, CINDY
MONYEK, MELISSA MOONEY, BETTY
MOORE, MONIQUE MOORE, SHARON
MOORE, MIKE MORONE, LORI MORRIS,
TANYA MORRIS, JAMES MORRISON,
DONALD MORSE, CHER MOSER, DAN
MOSKOWITZ, KANDICE MOSLEY,
MELISSA MOTTERN, HENRY MOTTOLA,
BEKAH MOYA, SETH MOYER, STEVEN
MURANSKY, CHRISTINA MURPHEY,
MARY MURPHY, JAMES MURRAY,

ROBERT MURRAY, JOHN MUSNICKI, HANNAH NANCE, MEGAN NEIL, ANDREA NELSON, LIANE NEPTUNE, KELLI NERGER, LAWRENCE NEVEL, RON NEWMAN, JAMES NG, PAULA NICHOLS, CHAD NICKLESS, FRANK NICOSIA, PAULETTE NIEWCZYK, THOMAS NISSEN, JAMES NOLAN, STEVEN NOLFI, STEPHANIE NORRIS, MICHAEL NOVAK, TERRY NOVICKI, DEBRA OBERLE, RYAN OCONNOR, JULIE ODONNELL, KENNETH OEHMKE, SHANESHA OGARRO, PETER OH, SUSAN OLDHAM, AMU OLESNEVICH, MARIA OLIVERA, MOLLY OLSEN, KIMBERLY OLSON, RICHARD ONCENA, CHRIS O'NEAL, RYAN OPICK, JERRY ORTEGA, JUAN ORTIZ, KATHERINE O'SULLIVAN, KERRY OSWALT, DELIA OTERO, PAULA OUMANSKI, CHRIS OVERSTREET, PAMELA OWENS, JESSICA PACK, INGRA PAGE, JYOTHI PALLAPOTHU, ROBIN PALLEY, DOROTHY PALM, KENNETH PANARO, ANDREW PARGAMENT, RICKY PARKER, SHANNON PARKER, TARA PARKER, SHERRY PASQUINELLI, ROSEMARIE PASSI, MICHELE PASTERNAK, WALDRON PAT, TERRI PATTERSON, TONYA PATTERSON, SCOTT PATTISON, RICK PAWLING, BRETT PAYNE, DENISE PAYNE, MAI LIIS PEACOCK, KATHY PEARSON, JON PECK, STEPHANIE PECK, PATRICIA PEDITTO, ERICA PEDRO, MARY PEDUZZI, DWAYNE PEEL, PHYLLIS PEGG, SARAH PELLE, STACIE PENDLETON, ASHANTI PENN, SHALA PEREZ, CALVIN PERKINS, ERICA PERRY, DON PETERSON, MICHAEL PETERSON, NATALIE PETERSON, LANCE PETRY, JAYNE PEYTON, HOWARD PFEIFFER, AMANDA PFISTNER, KATHY PHELAN, JAN PHILLIPS, BARBARA PIPEK,

CAROL PITTARELLI, JENNY POBERETSKY, BIL POGGENSEE, JAMES POLK III, KERI POMA, GREG POND, JESSICA PONTI, PATTI POTEMPA, ROBIN POULIN, STEPHANIE POULOS, HELENE PRICE, ROBERT PROVOST, TIFFANY PRUITT, JAMES PRZYBYLSKI, ROSEMARY PUCKELWARTZ, LENORE QUATTROCKI, LUZ QUINATOA, TERRY RAKOSKY, ALEX RAMOS, ALFRED RAMOS, JEFF RAMSDELL, DARLENE RANDALL, JASMIND RANKIN, ERIC RAYGOR, CHARLES READ, BILL REED, RAQUEL REED, WINSTON REED, PATTI REEDER, NICOLE REICHMAN, DALE REIMER, ALEXANDRA REISER, MARYANN REITANO, ARTHUR RENTON, PAMM REYNOLDS, KIA RHYM, AUSTIN RICHARD, ANTARES RICHARDSON, QUIANA RICHARDSON, SHERDINE RICHARDSON, TIFFANY RIGGS, CASSIE RINKER, HARVEY RISON, JOSE RIVERA, DIANE RIZZIO, JEFF ROACH, JONATHAN ROACH, NADIA ROBERTS, TROY ROBERTS, LATORYA ROBERTSON, ROSANNE ROBINSON, BERGEN ROBYN, KELLY ROCCO, EDWARD ROCKS, GILBERT RODRIGUEZ, JEANNETTE RODRIGUEZ, JOANNA RODRIGUEZ, JOSE RODRIGUEZ, LUZ RODRIGUEZ, ZINNIA RODRIGUEZ, RONALD ROGERS, VURSLA ROGERS, AMANDA ROLLINS, BARB ROMERO, MERLYN ROMERO, VICTOR ROSADO, MICHELE ROSAR, RICHARD ROSBROOK, JACOB ROSE, MELISSA ROSE, AKELA ROSS, DIANA ROSSON, DANNY ROUNDTREE, KAREN ROWAN, PATRICIA ROZZO-PIGOTT, BARBARA RUBIO, MISSY RUMINSKI, HELEN RUSH, JAMES RUSH, CELESTE RUSIN, KIMBERLY RUSSELL, SIPEI RUSSELL, TYDREA RUSSELL,

ANELLA RUSSO, JAIME RUSSONIELLO, JERRY RUTH, ADAM RUTTEN, PATRICIA RUTTER, CHRIS RYBITSKI, SALLY SADLO, ANTONIO SALCEDO, TINI SAMMONS, KENDALL SAMPLE, ROSARIA SAMUEL, LILA SANCHEZ, BEVERLY SANDERS, RICH SAUSER, GERARD SAWICKI, DOUG SCAGGS, WILLIAM SCARBOROUGH, NICOLE SCHAFFER, JANET SCHALL, TONYA SCHARRINGHAUSEN, ARTHUR SCHERR, MARY SCHEUERMANN, JENNIFER SCHLEGEL, GARY SCHLEGELMILCH, RACHEL SCHMITZ, JUDY SCHNEIDAU, KRISTY SCHNEIDER, SCOTT SCHOLLENBERGER, MICHAEL SCHORE, REBEKAH SCHREADER, DANIELA SCHROEDER, PAMELA SCHUSTER, JEFFREY SCHWARTZ, RONALD SCHWARTZ, WOLF SCHWARZ, HOLLY SCHWERTFEGER, BRUCE SCOTT, LORRAINE SCOTT, MICHAEL SCOTT, LYNNE SEBASTIAN, GINA SEGADELLI, PHILLIP SEGO, MATT SEINBERG, JAMES SERTICH, JEFFREY SERTICH, JOHN SETLIFF, ROBERT C SETTLE JR, FAHEEM SHABAZZ, BARTE SHADLOW, CHRISTIE SHARMA, MACHHINDER SHARMA, KRISTY SHAWEN, SHANNON SHELL, BRIDGES SHERRY, ROBERT SHOLITON, RANDALL SHOTTS, JOHN SHULDA, LAWRENCE SIEGEL, RICHARD SIEGFRIED, ROBERT SIGMON, KEITH SILLS, JACQUELINE SIMMONS, REBECCA SIMON, ALEXANDER SIMOTES, ALISON SIMPSON, ELIZABETH SIMPSON, SUMMER SINGER, TERESA SISK, BRYAN SISON, LYNN SKALLA, REBECCA SKELTON, WILLIAM SKORUPA, MARGARET SLIGHTE, ANN SMITH, KAREN SMITH, KIM SMITH, LULA SMITH, MICHAEL SMITH, ROSE SMITH, YOLANDA SMITH, WAYNE SMITRESKI,

EMILY SNIDER, TAYLOR SNYDER, CHRIS
SOBIESKI, BETH SOLTESZ, PAUL
SONNENFELT, CRYSTAL SORG, ROLANDO
SORI, NIKKI SORTORE, KIMBERLY
SOWELL, LACSEY SPARLING, DARLENE
SPIEGEL, JEFFREY SPIEWAK, MARK
SPIKER, PAUL SPILLER, GREGORY SPINA,
GREGORY SPOONER, KEVIN SPOONER,
CAROLYN ST ANGEL, JOSEPH
STACHEWICZ, DENEEN STAMOUR,
COLLEEN STANTON, WILL STEARMAN,
JESSICA STEELE, DWAYNE STEFANIAK,
CHARLES STEINMAN, LYNISHA
STEPHENEY, KENDRA STEPHENS, ROBIN
STEPHENS, DANIEL STEVENS, DENISE
STEVENS, GRAYLAND STEWART, DAVID
STIEGLITZ, JOHN STILES, CARL STOLZ,
EDWARD STONER, DAVID STOREY, JOE
STORNELLO, HEATHER STOUT, CLAYTON
STREETS, TY STRICKER, ADAM STROH,
KATHRYN STROH, JENNIFER STROUSE,
YVETTE STROUSE, LAURA STRUNK,
VANCELLEN STURGEON, DAVID
SUCHARSKI, NICOLE SUFFREDINI,
STEVEN SUHS, MARILYN SULLIVAN,
SARAH SULLIVAN, JOHN SUNDERMAN,
SIMON SUNG, ARTHUR SWEATMAN,
WILLIAM SWISHER, SEAN SYRON,
WALTER SZCZUKA, MYLES
TAMBURRINO, MONTGOMERY TAMMY,
BRIAN TATE, KEZIA TATHAM, TERESA
TAYLOR, CAROLYN TEDESCHI, STEVE
TEMKIN, DOUGLAS TERRY, SHIRLEY
THIELE, ADRIANNA THIMONS, PETER
THOMAS, TSELANE THOMAS, BEVERLY
THOMPSON, CARL THOMPSON, CHARLES
THOMPSON, CHERYL THOMPSON, RENEE
THOMPSON, WILLIAM THOMS, ALLISON
THURMAN, STEPHEN TIANO, ALNITA
TILLMAN, HELEN TIMARI, RICHARD
TITUS, MATTHEW TOBJY, WILLIE

TOLLIVER, CHARLES TOMAS, DEBRA
TOMAS, CHANTELLE TOMPKINS, SUSANA
TORO, JENNIFER TORRES, DENISE
TOWER, SARAH TRANT, MARIA
TRAVERS, SUZANNE TRAYHAN,
CHRISTINA TRENOR, ALISHA TRENT,
APRIL TREXLER, FRANKIE TRINKLE,
MARC TROBMAN, DEBORAH TRUJILLO,
WAYNE TUCKER, LOUIS TULINI, MEGAN
TULLY, CARA TUMBIOLO, MICHAEL
TUMINO, GREGORY TURNER, FRANK
TURRIGIANO, ERIN TWOMEY, DEWEY
TYLER, MATTHEW URCHICK, MARCO
POLO URIOSTEGUI, JOSHUA VALLEE,
ALEXIS VAN DER BOGART, BOBBIJO VAN
ORMAN, DIANA VANCE, KEVIN VANN,
SHERRI VANSANT, BREE VANVOOREN,
AMANDA VARGO, LEEANN VARRONE,
JERRY VASILATOS, DENISE VELASQUEZ,
IVAN VELEZ, TAYLOR VIGIL, PETER
VISCONTI, LAURA VITALIANI, MARK
VOELKEL, GREGORY VOGT, STEVE VOGT,
CAROLYN VOLKMAR, RANDY
VONDERHAAR, LEE WACH, TRAVIS
WAGNER, WILLIAM WALCHESKY, JAMES
WALKER, LISA WALL, ERICA WALLACE,
MARK WALLACE, DENISE WALLS,
ROBERT WALSH, BRITTANY WARD,
MOHAMMAD WARDEH, AMBER WARE,
MARINA WASHINGTON, ROSALYN
WASHINGTON, RAVEN WATKINS,
RICHARD WATKINS, ROBERT WATSON,
SAM WATSON, NEIL WEBB, BRENDA
WEIDMAN, GARY WEINSTEIN, GARY
WEISS, JULIE WEISS, SIMONE WEISSMAN,
KAIRA WELCH, ERIKA WELLS, SHARON
WELLS, GARY WENDT, DENISE WEST,
KEVIN WEST, MICHAEL WEST,
JONATHAN WESTHOFF, JANINE
WESTLUND, JENNY WESTLUND, STUART
WEXLER, JANE WHITAKER, KEVIN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHITE, PATRICIA WHITE, VICTORIA WHITE, DWIGHT WHITEMAN, FRED WHITTLE, AMY WIATER, JONATHAN WICHTER, GWYNNETH WILDCATT, NATALIE WILEY, DELIA WILKERSON, CHRISTOPHER WILLCOX, STUDNICKA WILLIAM, LA-SHONDA WILLIAMS HARPER, CAMARON WILLIAMS, CARMELLA WILLIAMS, DIANA WILLIAMS, KAREN WILLIAMS, LEKEISHA WILLIAMS WILLIAMS, MARCUS WILLIAMS, METRO WILLIAMS, MICHELLE WILLIAMS, TRAYCEE WILLIAMS, TYISHA WILLIAMS, ZORANA WILLIAMS, MIKHAIL WILLIAMSON, ROSA WILLS, MICHAEL WILLSON, MICHAEL WILSON, RENE WILSON, SHERRI WILSON, TIM WIMBERLY, SHANNON WING, DEBRA WINSHIP, JOHN WINTER, CHRISTOPHER WINTERS, MARK WISE, ELIZABETH WITTY, ALAN WOJNAROSKI, JENNIFER WOLLAN, RICH WOLTER, ELIZABETH WONDERLING, KEVIN WONG, BRIAN WOOD, CASANDRA WOOD, MICHAEL WOODARD, JESSICA WOODMAN-HARDY, DEBBIE WOODS, ROMELLA WOODS, PETER WOOLSEY, ADAM WRIGHT, SANDRA WRIGHT, WENDELYN WRIGHT-BEY, MOONCHING WU, JULIE WURZEL, DEMETRIUS WYATT, STEPHEN WYLIE, MICHELE YARBOROUGH, EBONE YATES, AMY YEOMANS, NICOLE YORI, SHAWN YOTTER, DUSTIN YOUNG, HOLLY YOUNG, KENNETH YOUNG, CARL YOUNGMANN, GILBERT YOUNGROLAND, EDWIN YUAN, MICHAEL YUCHA, RANDALL ZABEL, ADAM ZALOUM, KEITH ZAMBA, JOEL ZEIGER, KEN ZIFF, KIM ZIGO, DANIEL ZOLOCSIK, MISSY ZUBER, AND MYKHAYLO ZVIRYSHYN,

Petitioners,

versus

EPSON AMERICA, INC.,

Respondent.

Pursuant to 9 U.S.C. § 4, Nicole Aaron, et al., ("Petitioners") bring this verified petition to compel arbitration against Epson America, Inc. ("Epson" or "Respondent"), as a result of Epson's refusal to arbitrate with its customers, in accordance with their agreements.

## JURISDICTION AND VENUE

1.     This Court has subject-matter jurisdiction under 9 U.S.C. § 4, because a "United States district court . . . would have jurisdiction under title 28" over Petitioners' claims against Epson "save for" Petitioners' arbitration agreement with Epson. *See id.*; *see also Vaden v. Discover Bank*, 556 U.S. 49, 53 (2009) (requiring district courts to "look through" an arbitration petition to the underlying claims to determine subject-matter jurisdiction). Specifically, in this case, the federal court would have had federal question jurisdiction over Petitioners' claims under the Sherman Act, 15 U.S.C. §§ 1, 15 and Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), and supplemental jurisdiction over the claims under state law. *See* 28 U.S.C. §§ 1331, 1367.

2.     Venue is proper in the Central District of California, Southern Division. Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  Epson is a corporation incorporated under California law with its principal place of business in Los Alamitos, California (in Orange County).  The Central District of California, Southern Division encompasses Orange County. 28 U.S.C. § 84(c).

3.     Additionally, venue is also proper under 28 U.S.C. § 1391(b)(2), which provides for venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Specifically, Epson developed and published its deceptive and unlawful software updates in this District, from its office in Los Alamitos.

**PARTIES**

4.    Petitioners are customers of Epson whose printers were harmed by firmware and software "updates" intended to prevent them from using non-Epson ink and who attempted to use non-Epson ink. Petitioners reside in Alabama, Arkansas, Arizona, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Iowa, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Maryland, Michigan, Minnesota, Missouri, Mississippi, Montana, North Carolina, North Dakota, Nebraska, New York, New Hampshire, New Jersey, New Mexico, Nevada, Ohio, Oregon, Pennsylvania, Rhode Island, South Carolina, Texas, Tennessee, Utah, Virginia, Vermont, and Washington. A list of Petitioners, their states of residence, and other identifying information for Petitioners is attached as Exhibit A to this Petition.

5.    Epson is a corporation headquartered in Los Alamitos, California and incorporated under California law.

**INTRODUCTION**

6.    Petitioners' federal and state claims against Epson arise out of Epson's practice of "updating" the firmware and software in Petitioners' Epson printers to prevent those printers from using inexpensive, non-Epson ink cartridges.   Epson imposes these "updates" on its customers without disclosing their purpose or effect, locking its customers into buying more expensive ink from Epson—an anti-competitive practice that violates antitrust and consumer protection laws, as well as the federal Computer Fraud and Abuse Act.[1]   15 U.S.C. §1; Cal. Civ. Code §1770(a)(4)-(5), (9); and 18 U.S.C. §1030.

---

[1] HP, Inc., one of Epson's competitors in the consumer printer market, has faced similar allegations. *Mobile Emergency Housing Corp. v. HP, Inc.*, Case No. 20-cv-09157-SVK, 2021 WL 9867952 (N.D. Cal. Oct. 15, 2021) (denying most of the motion to dismiss); *Robinson v. HP, Inc.*, Case No. 1:24-cv-00164 (N.D. Ill.).

7.     Epson requires all consumers who purchase and set up one of its printers to agree to a written Software License Agreement ("SLA")[2] which includes a mandatory arbitration clause with a collective action waiver.  Petitioners' declarations, reflecting their agreements to the SLA, are attached as Exhibit C.

8.     The SLA has an extremely broad delegation clause, under which "[t]he arbitrator, and not any federal, state or local court or agency, shall have exclusive authority to resolve all disputes arising out of or relating to the interpretation, applicability, enforceability or formation of th[e] Agreement, including any claim that all or any part of th[e] Agreement is void or voidable." SLA ¶ 14.6.

9.     As Epson recognizes, Petitioners' disputes with Epson belong in arbitration.  More than once, Epson has fought vigorously and successfully to compel class actions, stemming from the exact same facts that Petitioners assert here, to arbitration before JAMS.  *See Mondigo v. Epson America, Inc.*, No. 20-cv-4400, 2020 WL 8839981 (C.D. Cal. Oct. 13, 2020); *Galgon v. Epson America, Inc.*, No. 2:2021-cv-01794, 2021 WL 4513638 (C.D. Cal. June 16, 2021).  Epson successfully argued the arbitrator, and not the court, decides all disputes between the parties, including disputes as to whether the arbitration agreement was valid, whether an agreement to arbitrate had been formed, and the scope of the issues that were for the arbitrator as opposed to the courts.  *See id.*; SLA at ¶¶ 14.1, 14.6.

10.    Petitioners here seek to do exactly what Epson's SLA requires them to do and exactly what Epson forced its customers in *Mondigo* and *Galgon* to do – have their claims against Epson decided by a JAMS arbitrator.  Unfortunately, Epson's actions since the *Galgon* decision have demonstrated that Epson cannot be taken at its word.  Epson has and will continue to refuse arbitration of Petitioners' claims absent relief from this Court.

---

[2] A copy of the SLA is attached as Exhibit B hereto.

11.     In March 2023, when Epson customers who are not Petitioners (the "March 2023 Claimants"), filed individual consumer arbitrations before JAMS, the arbitral forum designated by their agreements with Epson, Epson attempted to avoid arbitration by refusing to pay its arbitral fees and suing the March 2023 Claimants in California state court (the "State Court Actions").  Epson has represented in the State Court Actions that it will sue Petitioners as well if they attempt to pursue their contractual rights to arbitration under the SLA.

12.     Epson took this shocking approach despite Petitioners' clear compliance with all pre-arbitration steps in the parties' agreement.  Consistent with the SLA's requirement to engage in efforts at dispute resolution prior to filing any arbitration demands, the March 2023 Claimants, Petitioners, and Epson engaged in settlement discussions over several months, including a formal mediation. These efforts were ultimately unsuccessful.

13.     Under the SLA, there is no basis for Epson's anticipatory repudiation of a contract it drafted and imposed upon its customers.  At a minimum, any and all disputes about whether such repudiation is permissible are to be decided by an arbitrator. Therefore, Petitioners bring this petition to compel Epson to arbitrate with them before JAMS to enable their arbitrations to proceed under the same process Epson insisted upon in *Mondigo* and *Galgon*.  Petitioners further request that this Court retain jurisdiction to supervise any additional disputes concerning the parties' arbitral obligations, including, if necessary, adjudication of Petitioners' claims on the merits should Epson continue to refuse to arbitrate, or enjoin Epson from attempting to disrupt the arbitrations with collateral litigation.

## FACTUAL ALLEGATIONS

### A.     Epson's Software License Agreement Provides for Mandatory Arbitration.

14.     Epson sells, markets, and performs customer service for Epson printers, ink cartridges, and related software and firmware in North America.  Epson printers

come packaged with an agreement containing an arbitration clause, and setting up or updating an Epson printer's associated drivers and software requires customers to view and indicate agreement with Epson's SLA as part of the set up process for the product and/or when installing software updates.[3]   The SLA authorizes Epson to access customers' printers to apply fixes and upgrades to improve the printer's performance, but not to access their printers to disable their ability to use third-party ink.

15.   The SLA requires that any disputes between Epson and its customers, be decided by arbitration before JAMS.  As per the SLA, "Dispute is meant to have the broadest meaning permissible under law and includes any dispute, claim, controversy or action … arising out of or relating to this Agreement, the Software, Epson Hardware, or other transaction involving you and Epson, whether in contract, warranty, misrepresentation, fraud, tort, intentional tort, statute, regulation, ordinance, or any other legal or equitable basis."  SLA at ¶14.1.[4]

16.   The SLA contains a "broad delegation of authority to the arbitrator," delegating to the "arbitrator, and not any federal, state or local court or agency, [the] exclusive authority to resolve all disputes arising out of or relating to the interpretation, applicability, enforceability or formation of th[e] Agreement, including any claim that all or any part of th[e] Agreement is void or voidable."  SLA at ¶ 14.6.

17.   The SLA also provides that each Petitioner's arbitration "shall be governed by the rules of JAMS."  Consistent with the delegation clause in Epson's SLA, JAMS rules of arbitration provide that the arbitrator "shall" decide "[j]urisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought."   JAMS, Comprehensive Rules of Arbitration, Rule 11(b), available at https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule-11.

---

[3] Exhibit D, Declaration of Siranush Arabian.
[4] The SLA also includes a carve-out for intellectual property claims.

18.    Thus, if the parties dispute the enforceability of the arbitration provision or how that provision should be applied, that dispute must itself be decided by an arbitrator. *Id.*

19.    Epson is obligated to "pay or reimburse" a customer for their share of the filing fees, in addition to paying all other arbitration costs.  *Id.*  The SLA also requires Epson to "obtain . . . affirmative assent" to any amendment to the arbitration agreement in the SLA, and provides that the original SLA's dispute resolution clause governs in the absence of such assent.  SLA at ¶ 14.8.  Additionally, SLA ¶ 14.2 states the arbitration clause will survive the termination of the agreement.

**B.    Epson Compelled Two Related Class Actions to Arbitration before This Court.**

20.    The plaintiffs in *Mondigo* brought a putative class action against Epson alleging harm to Epson customers based on the same wrongful practices alleged by Petitioners. *See Mondigo*, 2020 WL 8839981, at *1.  Epson successfully moved to stay that action in favor of individual arbitration.  *Id.*  In successfully compelling arbitration, Epson forcefully argued that the same SLA at issue in this action "clearly and unmistakably delegate[s] issues of arbitrability to the arbitrator," including "whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."  Exh. E ("*Mondigo* Motion to Compel"), at 6-7.  Epson further argued that the SLA "contain[s] a clear expression of intent to delegate issues of arbitrability to the arbitrator," including "all disputes arising out of or relating to the interpretation, applicability, enforceability, or formation of this Agreement."  *Id.* at 4.  Epson also contended that the SLA "incorporate[s] the JAMS rules," which rules "provide the arbitrator, and not a court, shall resolve disputes over the formation, existence . . . or scope of an agreement under which Arbitration is sought."  Exh. F ("*Mondigo* Reply") at 5-6.

21.    In *Mondigo*, this Court interpreted these provisions, accepted Epson's argument and held that the "delegation clause in the [SLA] . . . 'clearly and

1   unmistakably' indicates the parties' intent for the arbitrator to decide the issue of

2   arbitrability." *Mondigo*, 2020 WL 8839981, at *3 (quoting *Mohamed v. Uber Techs.,*

3   *Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016)).

4       22.    Granting Epson's motion, this Court held, as Epson urged, that

5   "[p]ursuant to the terms of the parties' agreements, the arbitrator shall decide issues

6   raised by Plaintiffs regarding the arbitrability of their claims." *Mondigo,* 2020 WL

7   8839981, at *4. Epson successfully stayed *Mondigo* and has arbitrated several claims

8   before JAMS. *See* Exh. G.

9       23.    The next year, Epson compelled another printer ink consumer case to

10  arbitration. *Galgon v. Epson America, Inc.*, No. 2:2021-cv-01794, 2021 WL 4513638,

11  at *4 (C.D. Cal. June 16, 2021). As in *Mondigo*, Epson represented to this Court that

12  its arbitration agreement required formation issues to be decided by the arbitrator, and

13  that "there can be no dispute" consumers, like Petitioners here, "entered into the

14  [SLA]" by performing the setup process for their printers. Exh. H (*Galgon* Motion to

15  Compel) at 9-10. According to Epson's declaration in *Galgon*, Epson's Director,

16  Service and Support Operation, Epson represented to the court that: (i) between 2016

17  and March 22, 2021, "[t]he terms of the arbitration agreement set forth in paragraph 14

18  of the [SLA] did not change," Exh. D ("Arabian Declaration"), ¶ 3; and (ii) "users

19  setting up an Epson printer" are "required to view the [SLA] as part of the set-up

20  process . . . . The users are required to click a bubble that appears immediately after

21  the displayed [SLA] to signify their agreement to the terms of the [SLA]." *Id.*, ¶ 4.

22  Epson did not offer a copy of the SLA signed by the plaintiffs or any transactional

23  history obtained from its records regarding the printers set up or registered for any

24  plaintiff. Instead, Epson affirmed that based on its records, any Epson printer owner

25  would have gone through the SLA's setup process, and that it searched its records and

26  could not locate customers with the same name as the plaintiffs who opted-out of

27  arbitration. *Id.*, ¶ 8. Based on these facts, Epson asserted that the *Galgon* plaintiffs

28

had agreed to the SLA and were required to arbitrate their disputes.  Again, this Court agreed. *Galgon*, 2021 WL 4513638, at *4.

24.     Accordingly, based on Epson's own description of its printer set-up process and allegations, Petitioners agreed to the original SLA prior to any purported amendment.

**C.     In a Stunning About-Face, Epson Materially Breaches the SLA After Thousands of Consumers Notify it of Their Intent to Arbitrate.**

25.     After *Galgon* and *Mondigo*, on August 31, 2022, and September 22, 2022, various Epson customers represented by undersigned counsel informed Epson of the nature and facts underlying their claims, and of their intent to seek arbitration of those claims before JAMS should they fail to reach a resolution.  Exhs. I and J.

26.     Specifically, Petitioners alleged that, Epson wrongfully used software and firmware updates to disable Petitioners' printers when cheaper third-party ink was installed so that Epson could maximize profits, in violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 15, and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), and state consumer protection laws.  *Id.*  The parties negotiated through letters, emails, and calls for over four months, including a mediation on February 15, 2023, before an experienced JAMS mediator, but they could not reach an agreement.

27.     On March 6, 2023, the March 2023 Claimants filed 3,994 individual arbitration claims with JAMS against Epson.  Because the SLA's class and collective action waiver provides that the claims should be brought in an "individual capacity," the March 2023 Claimants filed individual demands for arbitration with JAMS, which triggered Epson's obligation to "pay or reimburse" the March 2023 Claimants' for their filing fees under JAMS rules for each individual case.  SLA ¶14.6(c); *see also* Exh. K (April 6 JAMS Notice) at 2.

28.     None of the March 2023 Claimants are Petitioners.

29.    On March 13, 2023, Epson filed complaints against the March 2023 Claimants in the Orange County Superior Court. One complaint named as defendants those March 2023 Claimants whom Epson acknowledged to be customers (the "*Arnoff* Defendants"), *see* Exh. L (Complaint, *Epson America, Inc. v. Arnoff*, Case No. 30-2023-01315890-CU-MC-CXC (Orange Cty. Super. Ct.)) (the "*Arnoff* Complaint"), and the other named those March 2023 Claimants whom Epson claimed had not established themselves to be its customers (the "*Adams* Defendants"). *See* Exh. M (Complaint, *Epson America, Inc. v. Adams*, Case No. 30-2023-01313431-CU-MC-CXC (Orange Cty. Super. Ct.)) (the "*Adams* Complaint," and together with the *Adams* Complaint, the "State Court Actions").

30.    The State Court Actions sought declaratory relief that the March 2023 Claimants do not have arbitration agreements with Epson or are required to arbitrate before a different forum, as well as injunctive relief preventing the March 2023 Claimants from filing arbitrations with JAMS.

31.    After letter briefing, JAMS accepted administration of the *Arnoff* Defendants' arbitrations, stating that "given the terms of the agreement under which Claimants seek arbitration, JAMS will proceed with administration of . . . the *Arnoff* Demands . . . . [Epson] may raise its jurisdictional and arbitrability objections with the arbitrators upon appointment . . . Accordingly, JAMS will issue an invoice to Respondent for the entire amount of the filing fees for these Demands."  April 6 JAMS Notice at 2.  On April 7, 2023, JAMS invoiced Epson for the *Arnoff* Defendants' demands.  Exh N.  On May 19, 2023, Epson confirmed to JAMS that it would not pay fees for Defendants' arbitrations, Exh O, and on June 6, 2023, JAMS administratively closed the *Arnoff* Defendants' arbitrations due to Epson's nonpayment.  Exh P.

32.    Epson has represented that it will respond to any demands for arbitration filed by Petitioners' by (1) refusing to pay any arbitration fees, and (2) amending its complaints in state court to name as defendants any Petitioners who file arbitrations in

California: "Epson will amend its complaint to identify these individuals as their arbitrations are filed." *Arnoff* Complaint, ¶ 11; *Adams* Complaint, ¶ 8.

### D. This Court has Sole Jurisdiction Over The Petition as to Petitioners.

33. In addition to the named defendants, each of the State Court Actions included a reference to "Does 1-20,000" (the "Doe Defendants") and purported to define the Doe Defendants as "individuals who, through their counsel at Labaton Sucharow, have commenced or, through their counsel, have threatened to commence binding arbitration against Epson in JAMS in California." *Arnoff* Complaint, ¶ 11; *Adams* Complaint, ¶ 8.

34. The State Court Actions were consolidated before the Hon. Lon F. Hurwitz. Though the state court stayed the already-filed arbitration proceedings pending the resolution of Epson's claims for declaratory relief, he made clear that his stay applied only to the *Arnoff* Defendants and the *Adams* Defendants, but not Petitioners. Specifically, at a hearing on August 17, 2023, the Court stated:

> The court: Well, the Doe defendants haven't been named yet, so I'm not sure exactly how I could apply [the stay] to unnamed defendants. ***I have no jurisdiction over unnamed defendants.*** Now, as soon as you file a Doe amendment, obviously I have jurisdiction over them. But let me put it this way, the action, this action, is stayed. So to the extent that Doe amendments are filed, it's going to apply to whoever those Does are now identified as because the action is stayed.

Exh Q (Aug. 17, 2023 Tr.) at 26:18-27-1.

35. While the state court has yet to resolve the State Court Actions even if the state court were to do so, such resolution would not apply to Petitioners. The March 2023 Claimants and Petitioners have no formal, legal relationship. The fact that they are represented by the same counsel is irrelevant. *See Taylor v. Sturgell*, 553 U.S. 880, 896 (2008) (rejecting "virtual representation" as a basis for res judicata). Thus,

Petitioners must commence a separate proceeding to obtain relief compelling Epson to arbitrate in accordance with the SLA.

36.     Further, Petitioners reside outside of California.  JAMS rules and the SLA permit Petitioners to commence arbitration in a venue reasonably accessible to their primary residence.  Ex. A.[5]

**E.     Epson's Refusal to Pay Arbitration Fees for Any Petitioner or Consumer Represented By Undersigned Counsel and Its Threat to Sue Petitioners if They File Arbitrations At JAMS Is a Refusal to Arbitrate with Petitioners.**

37.     Epson's refusal to pay arbitration fees for consumers based upon their choice of counsel and its representations to the state court that it would sue any Petitioner who filed an arbitration at JAMS repudiated and anticipatorily breached Epson's agreement to arbitrate, including as to questions of enforceability of the SLA. *See Codding v. Pearson Education, Inc.*, 842 Fed.Appx. 70, 72 (9th Cir. 2021) (quoting *Guerrieri v. Severini*, 330 P.2d 635, 638 (Cal. 1958)) ("An anticipatory breach of contract occurs on the part of one of the parties to the [contract] when [it] positively repudiates the contract by acts or statements indicating that [it] will not or cannot substantially perform essential terms [of the contract]."); *Drake Bakeries, Inc. v. Local 50, Am. Bakery and Confectionery Workers Intern.*, 370 U.S. 254, 263 n.10 (1962) (recognizing repudiation of arbitration provisions); *see also Grunwald-Marx, Inc. v. Los Angeles Joint Bd. Amalgamated Clothing Workers of Am.*, 192 Cal.App.2d 268, 280 (1961) (a party's refusal "to submit the issue to the arbiters, contending it was not arbitrable at all . . . constituted an unequivocal repudiation of the arbitration clause").

---

[5] See also JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses Minimum Standards of Procedural Fairness, Rule 5, https://www.jamsadr.com/consumer-minimum-standards/.

## **FIRST CLAIM FOR RELIEF**

### **Petition to Compel Arbitration (9 U.S.C. § 4)**

38.     Petitioners incorporate each preceding paragraph and reallege it here as if fully set forth herein.

39.     Each Petitioner entered into the SLA with Epson. Specifically, each Petitioner has signed a declaration describing his or her agreement to the SLA. These declarations are attached as Exhibit C. A spreadsheet summarizing the Claimant-specific information in each declaration is attached as Exhibit A.

40.     In *Galgon*, Epson compelled arbitration in a putative class action by representing to this Court that its customers must have consented to the SLA to use an Epson printer. These admissions are binding in this dispute.

41.     The SLA contains an arbitration provision covering "any dispute, claim, controversy or action between you and Epson arising out of or relating to this Agreement, the Software, Epson Hardware, or other transaction involving you and Epson, whether in contract, warranty, misrepresentation, fraud, tort, intentional tort, statute, regulation, ordinance, or any other legal or equitable basis," with a carveout only for "(a) trademark infringement or dilution, (b) patent infringement, (c) copyright infringement or misuse, or (d) trade secret misappropriation." SLA at ¶14.1.

42.     The SLA's arbitration provision designates JAMS as the arbitration administrator. SLA at ¶14.6.

43.     The SLA's arbitration provision states the SLA "memorializes a transaction in interstate commerce" and that Federal Arbitration Act governs its enforcement. SLA at ¶14.2.

44.     The SLA's arbitration provision includes an expansive delegation clause, requiring that "[t]he arbitrator, and not any federal, state or local court or agency, shall have exclusive authority to resolve all disputes arising out of or relating to the interpretation, applicability, enforceability or formation of this Agreement, including

any claim that all or any part of this Agreement is void or voidable." SLA at ¶14.6. The only exception to this delegation clause is that "a court, not an arbitrator, may decide if a claim or cause of action" falls within the clause's exception for "(a) trademark infringement or dilution, (b) patent infringement, (c) copyright infringement or misuse, or (d) trade secret misappropriation." SLA at ¶14.1.

45.     The SLA also requires Epson to "obtain . . . affirmative assent" to any amendment to the arbitration agreement in the SLA and provides that the SLA's dispute resolution clause governs in the absence of such assent.  SLA at ¶ 14.8.  Additionally, SLA ¶ 14.2 states the arbitration clause will survive the termination of the agreement.

46.     Under the Federal Arbitration Act, "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010) (citing *Howsam v. Dean Witter Reynolds, Inc*., 537 U. S. 79, 83-85 (2002)).

47.     Epson has refused to arbitrate with Petitioners under the SLA and indicated an intent to sue Petitioners should they commence arbitrations.  Epson has also indicated it will refuse to pay arbitration costs should Petitioners file arbitrations. *See Adams* Complaint; *Arnoff* Complaint; *Codding*, 842 Fed.Appx. at 72; *Grunwald-Marx, Inc.*, 192 Cal.App.2d at 280.

48.     Petitioners are "aggrieved by the alleged failure, neglect, or refusal of [Epson] to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4. To remedy Epson's breach of the SLA, Petitioners seek "an order directing that such arbitration proceed in the manner provided for in" the SLA.  *See id.*

49.     Because Epson has refused to pay any arbitration fees for arbitrations filed with JAMS by any client represented by undersigned counsel, and threatened to sue Petitioners if they file any arbitration demands with JAMS, Epson has repudiated and anticipatorily breached its contractual obligation to arbitrate in accordance with the terms of the SLA. Exhs. N, O, L and M.

50.     Finally, because of Epson's history of filing declaratory judgment actions as a tactic to avoid its obligation to arbitrate and pursuant to this Court's authority to enforce its judgments, Petitioners seek injunctive relief barring Epson from filing any pleadings related to the arbitrability of or appropriate forum for the claims that Petitioners will file against Epson with JAMS in accordance with the order.

## <u>REQUEST FOR RELIEF</u>

For the foregoing reasons, Petitioners respectfully request that this Court:

(a)     Compel and order Epson to arbitrate Petitioners' claims before JAMS, including any defenses to arbitrability or arguments concerning jurisdiction that Epson may have;

(b)     Enjoin Epson from filing any new pleadings against Petitioners related to the arbitrability of or appropriate forum for the claims that Petitioners have filed against Epson with JAMS;

(c)     Retain jurisdiction to adjudicate any disputes arising from Epson's arbitral obligations, including disputes related to fees or discovery, and to adjudicate Petitioners' claims on the merits, if required by Epson's continued obstruction of the arbitrations;

(d)     Award Petitioners' attorneys' fees and costs; and

(e)     Grant Petitioners all further relief at law or in equity as may be just and proper.

DATED: August 6, 2024

**UMBERG ZIPSER LLP**

_/s/ Carole E. Reagan_

Carole E. Reagan
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: 949-679-0052
Facsimile: 949-679-0461
creagan@umbergzipser.com

**LABATON KELLER SUCHAROW LLP**
Jonathan Waisnor (Bar No. 345801)
140 Broadway
New York, New York 10005
Tel.: (212) 907-0700
Fax: (212) 907-7039
jwaisnor@labaton.com

**LABATON KELLER SUCHAROW LLP**
Alexander Schlow (Pro Hac Vice Forthcoming)
Morris Dweck (Pro Hac Vice Forthcoming)
140 Broadway
New York, New York 10005
Tel.: (212) 907-0700
Fax: (212) 907-7039
aschlow@labaton.com
mdweck@labaton.com

_Counsel for Petitioners_

## <u>VERIFICATION</u>

I, Jonathan Waisnor, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that the attached exhibits are true and correct copies of the documents they are identified as.

Executed on August 6, 2024

<u>/s/ Jonathan Waisnor</u>
Jonathan Waisnor